## WISE v. SPEAKER et al.

### No. 14764.

Court of Appeal of Louisiana. Orleans.

March 26, 1934.

A. P. Tureaud, of New Orleans, for appellants.

N. Morgan Woods II, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a laborer to recover the sum of $122.50, a balance alleged to be due from wages earned at the rate of $12 per week for a period of twenty weeks. Defendants answered, admitting that plaintiff had been employed at a weekly wage of $12 up to March 7, 1933, but averred that thereafter, on account of the "bank holiday" and the business depression, it was agreed that the employees of their automobile service station, including plaintiff, would be remunerated in proportion to the profits derived from the business. Defendants further admit that on June 6, 1933, when plaintiff left their employment, there was due him the sum of $30.-58 in back wages, but, under the terms of the agreement of employment, plaintiff was to be held responsible for any breakage or loss caused through his carelessness and that the defendants, because of such negligence on the part of plaintiff, in breaking a plate glass and other articles, had sustained a loss of $26.25. This amount was claimed in reconvention, leaving a balance admittedly due plaintiff of $4.25.

There was judgment in favor of the plaintiff in the sum of $107.35 and dismissing the reconventional demand. Defendants have appealed.

The defendants, C. L. Speaker and Walter Collier, operate as a commercial partnership in this city under the trade-name of Howard One Minute Service Station. In July, 1931, plaintiff was employed by them to repair automobile tires, wash and grease cars, and to serve gasoline, at a weekly wage of $12. The wages were not always paid to plaintiff in full and, on March 7, 1933, defendants owed the plaintiff the sum of $30.58 for back wages. The banks of the city had been closed under the "bank holiday" and the funds of the defendants were "frozen."

Mose Collier, an employee and brother of one of the defendants, and Ellis L. Marsalis, who conducted a battery service department in connection with the garage, and defendants, testified that a few days after the banks were closed the defendants spoke to the two employees, plaintiff and Mose Collier, and told them that it would be impossible to continue to pay each of them $12 a week, as business conditions were very bad. Defendants suggested to the two men that if they were willing to share in a division of the profits derived from the business, that they could continue working until conditions became better. From March 7 to June 7, 1933, the two employees received anywhere from $2 to $9 per week, representing their respective shares in the profits.

Plaintiff is the sole witness in his own behalf and he denies that there was ever any change in the original agreement to pay him $12 a week. He states as the reason for his resignation the fact that the defendants were very much in arrear in the payment of his wages and that when he requested $12 with which to pay his rent defendants refused, and he concluded that if they could not pay him such a small sum, that they could not pay him the total amount due of $122. He admits that he registered only one complaint against the defendants withholding the salary alleged to be due during the three months that he was being irregularly paid.

As we view the record, the clear preponderance of the evidence is with the defendants. While it is true that the defendants did not state what proportionate share each of the employees would receive of the profits, Mose Collier, one of the employees, testified that that was about the best arrangement he could make under existing conditions of unemployment and simply made the best of a bad situation. We are quite confident that the plaintiff looked upon the matter in the same light and worked under that agreement for a period of three months, without complaint. It was only upon the refusal of the defendants to advance him $12 that he became dissatisfied and resigned and subsequently brought the present suit. We believe the defense to the main demand was adequately proven. Defendants admit an indebtedness of $30.58, which, of course, is allowed.

With reference to the reconventional demand, the evidence is very meager as to how the plate glass and other articles were broken, and we are not convinced that the plaintiff was at fault in causing this damage. Consequently, we shall reject the reconventional demand.

For the reasons assigned the judgment appealed from is amended by reducing the amount allowed from the sum of $107.35 to the sum of $30.58, with legal interest from judicial demand until paid, and, as thus amended, the judgment is affirmed, defendants to pay the costs of both courts.

Amended and affirmed.